IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALYSON J. KIRLEIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| DICKIE, McCAMEY & CHILCOTE, PC | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT

AND NOW, comes the plaintiff, Alyson J. Kirleis, by her attorneys, Friedman and Friedman, and files the following Complaint against defendant Dickie, McCamey & Chilcote, P.C.

## COUNT I - DISCRIMINATION

1. Plaintiff Alyson J. Kirleis ("Kirleis") is an employee of defendant Dickie, McCamey & Chilcote, P.C. ("DMC"), and brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended (hereinafter referred to as "Title VII"), to secure full restitution of all lost wages and benefits resulting from defendant DMC's violation of Sections 2000e-2(a)(1) and (2) and 2000e-3(a) of Title VII, as amended, and for such other and further relief as may be appropriate.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343.

3. Plaintiff Kirleis is now residing, and at all times mentioned herein, did reside at 2543 Hardy Drive, Pittsburgh, Allegheny County, Pennsylvania, 15241.

4. Defendant DMC is a Pennsylvania professional corporation with its principal place of business located at Two PPG Place, Suite 400, Pittsburgh, Allegheny County, Pennsylvania, 15222. At all times relevant hereto, defendant DMC acted by and through its duly authorized agents, servants and employees.

5. Defendant DMC is an employer within the meaning of Section 2000e(b) of Title VII.

6. Plaintiff Kirleis has been continuously employed by defendant DMC since her graduation from law school in 1988.

7. Plaintiff Kirleis is an employee of defendant DMC and is subject to and controlled in virtually every aspect of her practice of law by defendant DMC's Executive Committee, which makes all management decisions for defendant DMC, including determination of annual compensation for all attorneys and support staff, distribution of work assignments and hiring, firing, promotion and demotion of attorneys.

8. Plaintiff Kirleis has no ability to make decisions or influence decisions to be made regarding the business, management and operation of the firm.

9. Plaintiff Kirleis must comply with very specific rules and procedures created and implemented by members of the Executive Committee in connection with her work on cases for a particular client, which constitute the vast majority of her caseload. Plaintiff's continued assignment to handle cases for this particular client is subject to review and control by several members of the Executive Committee.

10. On or about March 14, 2005, plaintiff Kirleis filed charges of sex discrimination and retaliation against defendant DMC with the Equal Employment Opportunity Commission ("EEOC"). Said filing constituted an initiation of proceedings with the Pennsylvania Human Relations Commission ("PHRC") pursuant to and by operation of the Worksharing Agreement between the EEOC and PHRC.

11. Plaintiff Kirleis requested from the EEOC and was issued a Notice of Right to Sue, which was received on September 2, 2006. A copy of said Notice of Right to Sue is attached hereto as Exhibit "1."

12. Plaintiff Kirleis has complied with all conditions precedent to filing this Complaint.

13. Plaintiff Kirleis believes and therefore avers that the method of establishing her annual compensation was not applied to similarly situated male attorneys employed by defendant DMC who were performing the same or less work than plaintiff was performing.

14. Plaintiff Kirleis also believes and therefore avers that defendant DMC has a separate and lower employment track for female attorneys who have taken maternity leave and/or have children than other attorneys at DMC.

15. In or about February of 2004, Wilbur McCoy Otto, one of the decision makers who determined the amount of plaintiff Kirleis' annual compensation, told plaintiff Kirleis that her priorities were not straight because of her work and that she did not spend enough time with her husband and children.

16. Mr. Otto told plaintiff Kirleis that women whose priorities were straight were those who relinquished their status as shareholders in the firm and who worked part-time so as to be able to spend more time with their husbands and children.

17. On or about September 28, 2004, Daniel P. Stefko, one of the decision makers who determined the amount of plaintiff's annual compensation, informed plaintiff Kirleis that one of defendant DMC's largest clients and the client for whom plaintiff Kirleis performed the majority of her work, wanted only "gray haired guys" trying their cases.

18. Mr. Stefko also informed plaintiff Kirleis that the "gals" in the office would perform all work necessary to prepare the cases for trial for the male attorneys who would try the cases.

19. Plaintiff Kirleis believes and therefore avers that defendant DMC has a pattern and

practice of discriminating against women because of their gender, female, in the terms and conditions of their employment including paying lower wages to women, assigning women to lower quality cases and/or assigning women to roles secondary to male attorneys on cases.

20. Plaintiff Kirleis was deprived of wages and benefits, and was also deprived of privileges of employment, including participation in sporting events, social events and client outings, which privileges are important to plaintiff's continued professional growth by providing her with an opportunity to develop important personal and professional relationships with clients and with senior management at defendant DMC.

21. Plaintiff Kirleis questioned the manner in which her annual cash compensation was established and indicated to defendant DMC's management that she believed that she was denied wages equivalent to those paid to males.

22. As a direct and proximate result of the aforesaid unlawful, willful and deliberate discrimination against plaintiff by defendant DMC, plaintiff Kirleis has incurred substantial losses, continuing in their nature, including but not limited to loss of wages and loss of benefits, including pension benefits, harm to her reputation with clients and in the legal community, adverse effects on her career and diminished earning capacity.

23. Defendant DMC's discriminatory and illegal acts constitute a continuing violation of the law in that defendant DMC continues to assign lower quality cases to plaintiff Kirleis and/or assign

her to roles which are secondary to male attorneys and to use a compensation policy or practice which pays females lower salaries than males and has failed and continues to fail to eradicate salary disparities between plaintiff Kirleis' salary and the salary of male attorneys.

24. By reason of defendant DMC's aforesaid unlawful, willful and deliberate misconduct towards plaintiff Kirleis due to her sex, plaintiff is entitled to recover from defendant DMC compensatory and punitive damages in addition to actual damages.

WHEREFORE, plaintiff prays the Court as follows:

(a) That defendant DMC be permanently enjoined from engaging in actions, policies or practices that discriminate against plaintiff Kirleis because of her gender or that discriminate or retaliate against plaintiff Kirleis because of her commencement of this lawsuit in opposition to defendant DMC's discriminatory practices or her participation in any activity or conduct protected by Title VII;

(b) That defendant DMC affirmatively eradicate the disparity in plaintiff Kirleis' salary by adjusting her compensation to equal the compensation pay to male attorneys;

(c) That the method of establishing the annual cash compensation applied to the male attorneys employed by defendant DMC be applied to plaintiff Kirleis;

(d)    That plaintiff be made whole and awarded actual damages, including without limitation, reimbursement of back pay, plus interest, all wages and benefits lost to which she was otherwise entitled by virtue of her employment, and a reasonable attorney's fees, all in accordance with provisions of Title VII, 42 U.S.C. §2000e-5(g) and (k);

(e)    That plaintiff be awarded compensatory and punitive damages in accordance with 42 U.S.C. §1981a (a);

(f)    That defendant DMC be taxed with all costs of this action;

(g)    For such other and further relief as the Court deems just and proper.

## COUNT II - RETALIATION

25. Paragraphs 1 through 24 of the foregoing Complaint are incorporated herein by reference as though more fully set forth herein at length.

26. In early February of 2005, defendant DMC learned that 4 attorneys, who were collectively handling 80 cases for one of the firm's largest clients, were leaving the firm.

27. On or about February 15, 2005, John Conti, who is a shareholder and member of the

Executive Committee and, therefore, one of the decision-makers who determine the level of plaintiff Kirleis' annual compensation, informed plaintiff that she would be receiving a substantial number of the 80 cases which needed to be re-assigned as a result of the departure of the 4 attorneys who had been handling the cases. Mr. Conti informed plaintiff that memoranda detailing the reassignment of the cases would be sent out by February 18, 2005.

28. By letter dated February 17, 2005, from counsel for plaintiff Kirleis, defendant DMC was informed of plaintiff Kirleis' belief that she has been discriminated against by defendant DMC on the basis of her gender, female, and that she was preparing to file a charge of discrimination with the EEOC.

29. Without any just cause and despite plaintiff's ability and desire to assume responsibility for cases previously handled by the 4 attorneys who left the firm, only 3 of the 80 cases previously handled by those 4 attorneys have been assigned to plaintiff by defendant DMC in retaliation for opposing the amount and method by which defendant DMC established her annual compensation and because of her sex, which practices are made unlawful by Title VII.

30. As a result of defendant DMC's unlawful conduct, plaintiff Kirleis' standing within the firm and with one of its clients has been diminished.

31. Since defendant DMC's receipt of the February 17, 2005, letter from counsel for plaintiff Kirleis and the subsequent filing of plaintiff's EEOC charge on March 14, 2005, plaintiff has been

-8-

ostracized by attorneys working for defendant DMC. Attorneys with whom plaintiff enjoyed relationships both as professional colleagues and on a personal basis no longer associate with her on any level. In fact, they avoid her and do not engage in spontaneous conversation with her as they had in the past.

32. The retaliation against plaintiff Kirleis by defendant DMC is continuing and is expected to continue in the future.

33. As a direct result of the aforesaid unlawful, willful and deliberate retaliation against her by defendant DMC, plaintiff Kirleis has incurred substantial losses, continuing in their nature, including but not limited to, loss of wages and loss of benefits, including pension benefits, harm to her reputation with clients and in the legal community, adverse effects on her career and diminished earning capacity.

34. By reason of defendant DMC's aforesaid unlawful, willful and deliberate misconduct towards plaintiff Kirleis due to her sex and in retaliation for opposing the amount and method of establishing her annual compensation, plaintiff Kirleis is entitled to be made whole by the defendant.

35. By reason of defendant DMC's aforesaid unlawful, willful and deliberate misconduct towards plaintiff Kirleis due to her sex, plaintiff is entitled to recover from defendant DMC compensatory and punitive damages in addition to actual damages.

WHEREFORE, plaintiff prays the Court as follows:

(a)     That defendant DMC be permanently enjoined from engaging in actions, policies or practices that discriminate against plaintiff Kirleis because of her gender or that discriminate or retaliate against plaintiff Kirleis because of her commencement of this lawsuit in opposition to defendant DMC's discriminatory practices or her participation in any activity or conduct protected by Title VII;

(b)     That plaintiff be made whole and awarded actual damages, including without limitation, reimbursement of back pay, plus interest, all wages and benefits lost to which she was otherwise entitled by virtue of her employment, and a reasonable attorney's fees, all in accordance with provisions of Title VII, 42 U.S.C. §2000e-5(g) and (k);

(c)     That defendant DMC be taxed with all costs of this action;

(d)     That plaintiff be awarded compensatory and punitive damages in accordance with 42 U.S.C. §1981a (a);

(e)     For such other and further relief as the Court deems just and proper.

### COUNT III - HOSTILE ENVIRONMENT

36. Paragraphs 1 through 35 of the foregoing Complaint are incorporated herein by reference as though more fully here set forth at length.

37. The workplace environment at Dickie, McCamey & Chilcote, PC is pervasively hostile towards women as a result of conduct by male attorneys at DMC intended to ostracize and humiliate plaintiff Kirleis and all female attorneys employed by defendant DMC and to exclude them from opportunities to develop important personal and professional relationships with clients and co-workers, including members of the Executive Committee.

38. Plaintiff Kirleis and all female attorneys are or have been constructively excluded from the annual DMC Christmas party, which is a firm sponsored event, because of the sexually explicit nature of the entertainment including skits, songs, pornographic materials and props.

39. After the DMC Christmas party, male attorneys, including members of the Executive Committee, have gone to topless bars and, on at least one occasion, a Market Street bar and restaurant where they had arranged to have a private strip show.

40. Plaintiff Kirleis and all female attorneys are or have been constructively excluded from the annual DMC golf outing due to the sexually explicit nature of the conduct and behavior of the male attorneys at the outing.

41. This is especially true since the annual golf outing event in 1991 or 1992 when a male attorney employed by defendant DMC exposed himself to plaintiff Kirleis during the outing in the presence of two other male attorneys, both of whom were employed by defendant DMC at the time.

42. As a direct and proximate result of the aforesaid unlawful, willful and deliberate discrimination against plaintiff by defendant DMC, plaintiff Kirleis has incurred substantial losses, continuing in their nature, including but not limited to loss of wages and loss of benefits, including pension benefits, harm to her reputation with clients and in the legal community, adverse effects on her career and diminished earning capacity.

43. Defendant DMC's discriminatory and illegal acts constitute a continuing violation of the law in that defendant DMC maintained and continues to maintain a work environment that was hostile to plaintiff Kirleis because of her gender, female, which hostile environment was severe or pervasive enough to alter her terms and conditions of employment.

44. By reason of defendant DMC's aforesaid unlawful, willful and deliberate misconduct towards plaintiff Kirleis due to her sex, plaintiff is entitled to recover from defendant DMC compensatory and punitive damages in addition to actual damages.

WHEREFORE, plaintiff prays the Court as follows:

(a) That defendant DMC be permanently enjoined from engaging in actions, policies or

    practices that discriminate against plaintiff Kirleis because of her gender or that discriminate or retaliate against plaintiff Kirleis because of her commencement of this lawsuit in opposition to defendant DMC's discriminatory practices or her participation in any activity or conduct protected by Title VII;

(b)     That plaintiff be made whole and awarded actual damages, including without limitation, reimbursement of back pay, plus interest, all wages and benefits lost to which she was otherwise entitled by virtue of her employment, and a reasonable attorney's fees, all in accordance with provisions of Title VII, 42 U.S.C. §2000e-5(g) and (k);

(c)     That plaintiff be awarded compensatory and punitive damages in accordance with 42 U.S.C. §1981a (a);

(d)     That defendant DMC be taxed with all costs of this action;

(e)     For such other and further relief as the Court deems just and proper.

## COUNT IV - EQUAL PAY

45. Paragraphs 1 through 44 of the foregoing Complaint are incorporated herein by reference as though more fully set forth here at length.

46. Plaintiff Kirleis brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq.* (hereinafter referred to as "FLSA") to secure full restitution of all wages and benefits resulting from defendant DMC's violation of the provisions of Section 206(d)(1) of the FLSA and for such other and further relief as may be appropriate.

47. Jurisdiction of this action is conferred upon the Court by Section 16(b) of the FLSA, as amended, 29 U.S.C. §216(b).

48. Defendant DMC is an employer within the meaning of Section 203(d) of FLSA.

49. Plaintiff Kirleis believes and therefore avers that her annual compensation was lower than males similarly situated who performed substantially the same or similar skill, effort and responsibility that plaintiff Kirleis performed in violation of the FLSA.

50. As a direct and proximate result of the aforementioned unlawful, willful and deliberate violation of the FLSA by defendant DMC, plaintiff Kirleis has incurred substantial damages, continuing in their nature, including but not limited to, loss of wages and benefits, including pension benefits, harm to her reputation with clients and in the legal community, adverse effects on her career and diminished earning capacity.

51. By reason of defendant DMC's aforesaid unlawful, willful and deliberate misconduct towards plaintiff Kirleis due to her sex, plaintiff is entitled to recover from defendant DMC

liquidated damages in addition to actual damages.

    WHEREFORE, plaintiff Kirleis prays the Court as follows:

(a)  That defendant DMC be permanently enjoined from engaging in actions, policies or practices that discriminate against plaintiff Kirleis because of her gender or that discriminate or retaliate against plaintiff Kirleis because of her commencement of this lawsuit in opposition to defendant DMC's discriminatory practices or her participation in any activity or conduct protected by Title VII or FLSA;

(b)  That plaintiff be paid all salary and benefits paid to males similarly situated who perform substantially the same or similar skill, effort and responsibility;

(c)  That plaintiff be awarded actual damages, including without limitation, reimbursement for the specific monetary damages lost during her employment with defendant DMC, together with an additional amount as liquidated damages, plus a reasonable attorney's fee, all in accordance with provisions of Section 16(b) of the FLSA, 29 U.S.C. §216(b);

(d)  That defendant DMC be taxed with all costs of this action;

(e)  For such other and further relief as the Court deems just and proper.

## COUNT V - PENDENT CLAIM

52. Paragraph 1 through 51 of the foregoing Complaint are incorporated herein by reference as though more fully set forth here at length.

53. Plaintiff brings this action under the Pennsylvania Human Relations Act, 43 P.S. §951, *et seq.*, to secure full restitution of all wages and benefits resulting from defendant DMC's violation of the provisions of the Pennsylvania Human Relations Act and for such other and further relief as may be appropriate.

54. Jurisdiction of this action is based on the principles of supplemental jurisdiction pursuant to 28 U.S.C. §1367.

55. Defendant DMC is an employer within the meaning of Section 954(b) of the Pennsylvania Human Relations Act.

56. On or about March 18, 2005, plaintiff Kirleis filed a timely complaint again defendant DMC with the Pennsylvania Human Relations Commission by electing the option offered to her by the EEOC to dual file her charge with the Pennsylvania Human Relations Commission. More than one year has passed since plaintiff filed her complaint against defendant DMC with the Pennsylvania Human Relations Commission.

57. As a direct and proximate result of the aforesaid unlawful, willful and deliberate

discrimination and retaliation against plaintiff Kirleis by defendant DMC, plaintiff Kirleis has incurred substantial damages, continuing in their nature, including, but not limited to, loss of wages and loss of benefits, including pension benefits, harm to her reputation with clients and in the legal community, adverse effects on her career and diminished earning capacity.

    WHEREFORE, plaintiff Kirleis prays the Court as follows:

(a)     That defendant DMC be permanently enjoined from engaging in actions, policies or practices that discriminate against plaintiff Kirleis because of her gender or that discriminate or retaliate against plaintiff Kirleis because of her commencement of this lawsuit in opposition to defendant DMC's discriminatory practices or her participation in any activity or conduct protected by Pennsylvania Human Relations Act;

(b)     That defendant DMC affirmatively eradicate the disparity in plaintiff Kirleis' salary by adjusting her compensation to equal the compensation pay to male attorneys;

(c)     That the method of establishing the annual cash compensation applied to the male attorneys employed by defendant DMC be applied to plaintiff Kirleis;

(d)     That the plaintiff be awarded actual damages, including without limitation, reimbursement for specific monetary damages lost to which she was otherwise

entitled and interest, all in accordance with the provisions of the Pennsylvania Human Relations Act;

(e) That defendant DMC be taxed with all costs of this action;

(f) For such other and further relief as the Court deems just and proper.

FRIEDMAN and FRIEDMAN

By /s/ Edward B. Friedman
Edward B. Friedman
PA I.D. 09688
Gloria A. Aiello
PA I.D. No. 50125
Attorneys for Plaintiff Alyson J. Kirleis

900 Fifth Avenue
Pittsburgh, PA 15219
(412) 261-5834

Dated: November 9, 2006
Pittsburgh, PA

-18-