IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALYSON J. KIRLEIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 06-cv-01495-GLL |
| | ) |
| DICKIE, McCAMEY & CHILCOTE, PC | )  *ELECTRONICALLY FILED* |
| | ) |
| Defendant. | ) |

## BRIEF IN SUPPORT OF
## PLAINTIFF'S MOTION FOR ORDER PURSUANT TO
## PENNSYLVANIA RULE OF PROFESSIONAL CONDUCT 4.2

### STATEMENT OF THE CASE

Plaintiff Alyson J. Kirleis ("Kirleis") has asserted claims against defendant Dickie, McCamey & Chilcote, PC ("DMC") of pay disparity based on gender. Consequently, this case involves, *inter alia*, the comparison of wages paid to different shareholders and the reasons why some persons believe the pay disparity is justified in relation to the pay of other persons who appear to be similarly situated to plaintiff Kirleis. These issues are at the heart of a pay disparity case.

In order to properly prepare her case and to do so in a time efficient and cost effective manner, plaintiff Kirleis intends to conduct informal interviews with current and former shareholders of defendant DMC in order to ascertain what, if any, relevant information each person may have in connection with the central issues in this case. Defendant DMC contends, *inter alia*, that plaintiff Kirleis' counsel is precluded by Pennsylvania Rule of Professional Conduct ("PRPC") 4.2 from directly contacting current shareholders of defendant DMC. Plaintiff Kirleis seeks an order pursuant to PRPC 4.2 authorizing her attorneys to engage in direct *ex parte* communications with current

shareholders of defendant DMC who (1) do not supervise, direct or regularly consult with defendant DMC's attorney concerning the instant case; (2) do not have authority to obligate defendant DMC with respect to the instant case; or (3) have not engaged in any act or failed to act in connection with the instant case in a manner which may be imputed to defendant DMC for purposes of liability in this case.

## ARGUMENT

Rule 4.2 of the Pennsylvania Rules of Professional Conduct governs communications between a lawyer and a person who is represented by counsel. Pursuant to PRPC 4.2, communications between a lawyer and a person represented by counsel about the subject of the representation are prohibited unless, *inter alia*, the lawyer seeking the communication is authorized to do so by a court order. In this regard, PRPC 4.2 provides, as follows:

> "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, *unless the lawyer* has the consent of the other lawyer or *is authorized to do so by* law or *a court order*." [emphasis added]

Comment 6 to PRPC 4.2 confirms that where there is uncertainty with respect to whether or not a communication with a represented person falls within the scope of the prohibition in PRPC 4.2, a lawyer may seek an order of court authorizing him to engage in the communication without fear of violating the rule. In this regard, Comment 6 to PRPC 4.2 provides, as follows:

> "[6] *Al lawyer who is uncertain whether a communication with a represented person is permissible may seek a court order.* A lawyer may also seek a court order in exceptional circumstances to authorize a communication that would otherwise be prohibited by this Rule, for example, where communication with a person

-2-

represented by counsel if necessary to avoid reasonably certain injury." [emphasis added]

In the instant case, plaintiff Kirleis seeks an order authorizing her counsel to meet informally with current shareholders of defendant DMC in order to prepare her case in a time efficient and cost effective manner. As noted by Judge Wettick in *Pritts v. Wendy's of Greater Pittsburgh, inc.*, 37 Pa. D. & C. 4th 158 (1998), when requested by the defendant to enter an order pursuant to PRPC 4.2 precluding the plaintiff's lawyer from interviewing current and former employees of the defendant, an interview is a valuable investigative tool with which the court should not interfere except to enforce well-recognized prohibitions. *Id.* at 161-162. "'There are entirely respectable reasons for conducting discovery by interview vice [sic] deposition: it is less costly and less likely to entail logistical or scheduling problems; it is conducive to spontaneity and candor in a way depositions can never be; and it is a cost-efficient means of eliminating nonessential witnesses from the list completely.'" *Id.*

Defendant DMC has challenged the ability of plaintiff Kirleis' counsel to conduct informal interviews with current shareholders of defendant DMC based on the prohibition stated in PRPC 4.2.[1] Contrary to defendant DMC's contention in this regard, the prohibition in the rule with respect to current employees is not absolute. It is dependent upon the duty, authority or responsibility held by each current employee with respect to the matter at issue in the case. This is demonstrated by the

---

[1] Defendant DMC also challenges plaintiff Kirleis' right to directly contact current shareholders of defendant DMC as well as the right of both plaintiff Kirleis and her counsel to directly contact former shareholders of defendant DMC. In her Brief in Opposition to Defendant's Motion for Entry of Protective Order, which was filed contemporaneously herewith, plaintiff Kirleis demonstrated that the proscriptions set forth in PRPC 4.2 do not extend to her right to contact current shareholders of defendant DMC or to the right of plaintiff Kirleis and her counsel to contact former shareholders of defendant DMC. The right of plaintiff and her counsel to make these contacts is clear. Plaintiff Kirleis has limited the instant motion to her counsel's ability to contact current shareholders of defendant DMC who fall outside the ambit of PRPC 4.2.

clear language of Comment 7 to PRPC 4.2 which provides, in pertinent part, as follows:

> "[7] In the case of a represented organization, the Rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer *concerning the matter* or has authority to obligate the organization *with respect to the matter* or whose act or omission *in connection with the matter* may be imputed to the organization for purposes of civil or criminal liability." [emphasis added]

Thus, in order to fall within the scope of PRPC 4.2, a current employee of a represented organization must have some duty, authority or responsibility with respect to the matter in dispute. A lawyer who contacts a current employee who lacks such duty, authority or responsibility does not violate PRPC 4.2.

This is the conclusion reached by the U.S. Court of Appeals for the Third Circuit in *EEOC v. HORA, Inc.*, 2007 U.S. App. LEXIS 15705 (3rd Cir. 2007). In that case, the Third Circuit reversed the district court's order disqualifying counsel for the plaintiff for violating, *inter alia*, PRPC 4.2. After noting the requirements of the three categories of current corporate employee who cannot be contacted listed in Comment 7 to PRPC 4.2, the Third Circuit found that the employee who had been contacted by plaintiff's lawyer in the case before did not come within the scope of PRPC 4.2. *Id.* at *4-*5. The Third Circuit stated that there was no evidence on the record to support the conclusion that the employee in question regularly consulted with the defendant's attorney regarding the matter or that her acts or omissions could obligate or impute liability to the defendant with respect to the matter. *Id.* at *5.

In the instant case, with the exception of the members of defendant DMC's Executive Committee, plaintiff Kirleis does not believe that current shareholders of defendant DMC come

within the scope of PRPC 4.2.  It is plaintiff Kirleis' belief that current shareholders who do not sit

on the defendant's Executive Committee do not supervise, direct or regularly consult with defendant

DMC's counsel with respect to the instant case, do not have authority to obligate defendant DMC

with respect to the instant case and have not engaged in acts or failed to act in connection with the

instant case in a manner which may impute liability to defendant DMC in this case.  Consequently,

plaintiff Kirleis' counsel are not barred by PRPC 4.2 from contacting said current shareholders of

defendant DMC in an attempt to meet them formally and interview them to determine what

information , if any, they may have which is relevant to the central issues in the instant case.

### CONCLUSION

For the foregoing reasons, plaintiff Kirleis Motion for Order pursuant to PRPC 4.2 should

be granted.

FRIEDMAN and FRIEDMAN

By___s/Edward B. Friedman_____
   Edward B. Friedman
   PA I.D. 09688

By___s/Gloria A. Aiello_____
   Gloria A. Aiello
   PA I.D. No. 50125

   Attorneys for Plaintiff
   Alyson J. Kirleis

   900 Fifth Avenue
   Pittsburgh, PA 15219
   (412) 261-5834
   (412) 261-0350 (fax)

Dated:___July 23, 2007_____
   Pittsburgh, PA

-5-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Brief in Support of Plaintiff's Motion for Order pursuant to Pennsylvania Rule of Professional Conduct 4.2 was served upon counsel for the defendant electronically via the Court's CM/ECF filing system this 23rd day of July, 2007.

Martin J. Saunders, Esquire
Donna J. Geary, Esquire
Jackson Lewis, LLP
One PPG Place, 28th Floor
Pittsburgh, PA 15222

FRIEDMAN and FRIEDMAN

By___s/Gloria A. Aiello_____
    Gloria A. Aiello