## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALYSON J. KIRLEIS,                    )
                                      )   Civil Action No. 06-1495
        Plaintiff,                    )   Civil Action No. 06-1666
                                      )
    vs.                               )   JUDGE GARY L. LANCASTER
DICKIE, MCCAMEY & CHILCOTE,           )
P.C.,                                 )   ELECTRONICALLY FILED
                                      )
        Defendant.                    )

### PROTECTIVE ORDER

WHEREAS Defendant in the above-captioned action has served documents in support of its Motion to Dismiss and the Parties will seek discovery, including but not limited to the exchange of document requests, interrogatories, notices of deposition with attendant requests for production, and subpoenas for deposition and for production of documents; and

WHEREAS certain of the documents and information to be produced in discovery by a Party, or any non-party subject to discovery by request for production or by subpoena ("Discovery Respondent"), may disclose confidential or competitively sensitive business and personal information, which should otherwise remain confidential and the private property and information of a Party or a Discovery Respondent.

NOW, THEREFORE, good cause having been shown within the meaning of Rules 83(b) and 26(c) of the Federal Rules of Civil Procedure, IT IS ORDERED THAT:

1.    The Party or Discovery Respondent may designate as "CONFIDENTIAL" any document, testimony, information or material produced by that party in the course of this litigation in the manner hereinafter set forth in Paragraph 2 ("Confidential Material"). Such designation shall subject the Confidential Material produced or provided to the provisions of this

Order. Nothing in this Order shall be construed in any way to control the use, dissemination, publication, or disposition by any other party of (i) documents or information received at any time by that party outside the discovery process in this action; or (ii) documents or information that is part of any public record or otherwise in the public domain. No document, testimony, information or material shall be designated as "CONFIDENTIAL" pursuant to this Protective Order until counsel for the Party or Discovery Respondent has determined in good faith that the document, testimony, information or material is entitled to protection because it contains trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. "Confidential" material, as used in this Order, shall refer to any so designated document, testimony or other discovery material and all copies thereof, which relates to the personnel information of current and former Shareholder/Directors or employees of Defendant including but not limited to:

     (a)    salaries, bonuses and other remuneration paid to attorneys by Dickie, McCamey;

     (b)    hourly rates billed to clients by Dickie, McCamey;

     (c)    actual amounts billed to clients by Dickie, McCamey;

     (d)    business origination credit;

     (e)    marketing data and business strategies;

     (f)    basic personal information such as social security numbers and personal health matters; and

     (g)    business information including, but not limited to, by-laws, minutes of shareholder/directors meetings, clients, attorney hours, disciplinary records, job qualifications, and evaluation records, and confidential business and personal information, etc., and shall also refer to information contained in such materials.

2

2.     Any information or material produced by any party or person in this litigation may be designated as "CONFIDENTIAL" or by a Party or Discovery Respondent in the following manner:

       (a)    In the case of a writing, by stamping the word "CONFIDENTIAL" on the face of the document;

       (b)    Testimony given at a deposition or hearing may be so designated by an appropriate statement at the time of the giving of such testimony or within ten (10) calendar days after counsel receives the transcript of such deposition. Testimony and transcripts in this case shall be deemed "CONFIDENTIAL" during this ten (10) day review period; and,

       (c)    In the case of specific responses to interrogatories or to any specific request for admission, by labeling the specific response "CONFIDENTIAL."

3.     Each of the parties to this litigation shall be entitled to use the materials designated "CONFIDENTIAL" in accordance with Paragraph 2, subject to the remaining terms of this Protective Order.

4.     Any documents, testimony, information or other materials designated as "CONFIDENTIAL" shall be used by the Parties solely for purposes of this litigation, and for no other purpose, and under no circumstances, other than those specifically provided for in this Order, shall the Parties disclose any part of such documents, testimony, information or other materials designated "CONFIDENTIAL" or permit the same to be disclosed to persons other than the following:

       (a)    The Court and its staff, in accordance with the other terms and conditions of this Order;

       (b)    Counsel who appear of record for the parties in this litigation and employees of such counsel;

       (c)    Persons specifically retained by attorneys for one or more parties to this litigation to assist in either the preparation of the case for trial or to testify at trial who are not regular employees of the parties to this litigation, and only if such persons have a need to use some or all of the documents,

testimony, information or other materials designated as "CONFIDENTIAL"; and

(d)    Parties to the litigation and their officers or employees who are assisting counsel.

5.    Pursuant to paragraphs 4(c) and 4(d), before disclosing documents, testimony,

information and other materials designated as "CONFIDENTIAL" to any person pursuant to

Paragraph 4(c) and 4(d) counsel for the Plaintiffs or the Defendant, as appropriate, shall:

(a)    Apprise that person of the confidential and proprietary nature of the documents, testimony, information or other materials designated as "CONFIDENTIAL";

(b)    Apprise that person that the Court has enjoined the use of the documents, testimony, information or other materials designated as "CONFIDENTIAL" for any purpose other than this litigation and has enjoined the disclosure of the documents, testimony, information or other materials designated as "CONFIDENTIAL"; and

(c)    Show that person a copy of this Order and obtain from that person a written Declaration, in the form attached hereto as Exhibit A, whereby he or she will be bound by this Order. The originals of each Declaration shall be maintained by counsel disclosing the Confidential Material until this litigation is terminated and shall then be given to opposing counsel.

6.    An opposing party may challenge a party's designation of information as

"CONFIDENTIAL" by written notice to counsel for that party within fifteen (15) days after

receipt of the "CONFIDENTIAL" designations. Counsel for the party or Discovery Respondent

whose designation has been challenged shall have fifteen (15) days after receipt of such notice to

apply to the Court for a Protective Order. In the case of a Discovery Respondent, that Court

shall be the district where the subpoena to produce Confidential Material was served. In the

event the party's counsel fails to do so in a timely fashion, such Confidential Material shall no

longer be considered "CONFIDENTIAL" under the terms of this Order. In the event the party's

counsel does make timely application to the Court, the Confidential Material shall continue to be

4

treated as "CONFIDENTIAL" by all parties and their counsel until a ruling from the Court is obtained.

7.     All papers filed or presented in the action that contain, quote or attach documents, things or information designated as Confidential shall be filed or presented in sealed envelopes bearing the title of this action and marked "CONFIDENTIAL."  Only those portions of the papers that contain, quote or attach documents, things or information designated as papers that contain, quote or attach documents, things or information designated as "CONFIDENTIAL" shall be filed under seal.

8.     Within forty-five (45) days after the issuance of a final judgment and expiration of the time for appeal or after a settlement of this action, unless otherwise agreed in writing by all Parties, each Party shall collect all documents containing Confidential Material and/or any originals or reproductions of documents designated "Confidential" and produced in discovery, including all copies thereof, within their control or in the possession of those to whom they distributed such information or documents, and return all such documents to the producing Party or Discovery Respondent.  All summaries of such material and all memoranda, pleadings or documents containing such Confidential Material shall be destroyed.

9.     In the event that any of the documents, testimony, information or other materials designated as "CONFIDENTIAL" are used in any Court proceeding herein, including depositions, it shall not lose its confidential status through such use, and in accordance with the terms of this Protective Order, the parties shall take all steps reasonably required to protect the confidentiality of such documents, testimony, information or other materials designated as "CONFIDENTIAL" during such use.

5

10.     If a producing Party or Discovery Respondent realizes that it has inadvertently produced a document that it considers to be "Confidential" without marking it as such pursuant to this Confidential Protective Order, it may contact the receiving Party and notify it in writing of the mistake. Once the receiving Party has been notified of the mistake, the document will be treated as designated in the written Confidential Protective Order, and the receiving Party shall promptly use all means reasonably available to retrieve such documents and all copies and return them to the producing Party or Discovery Respondent for proper designation under this Confidential Protective Order.

11.     If a producing Party or Discovery Respondent realizes that it has inadvertently produced a document or information that it considers to be protected from disclosure to another Party in this action by any of the following: attorney-client privilege, attorney work product doctrine, the common interest or joint defense privilege, or such other privilege or immunity from discovery, then it may contact the receiving Party and notify it in writing of the mistake. Once the receiving Party has been notified of the mistake, the receiving Party shall promptly use all means reasonably available to retrieve such document or information and all copies and return them to the producing Party or Discovery Respondent. The inadvertent production of any such privileged document or information shall not constitute a waiver of any otherwise applicable privilege, and no Party shall assert a waiver of any such otherwise applicable privilege upon the basis of any inadvertent production in the course of discovery in this action.

12.     All documents or materials bearing the mark "CONFIDENTIAL" shall not be used by any recipient or disclosed to anyone for any other purpose other than in connection with this action, and shall not be communicated in any manner, directly or indirectly, to anyone other than Persons as set forth in this Protective Order, unless and until the restrictions herein are

6

modified either by agreement of counsel for all Parties and Discovery Respondents, or by order of the Court. The receiving Party shall take all measures reasonably necessary to protect the confidentiality of and to avoid unauthorized disclosure or use of any Confidential Material. If information designated as Confidential Material by any Party pursuant to this Protective Order is disclosed to any person other than in the manner authorized herein, the Party responsible for this disclosure shall make every effort to prevent further disclosure by it or by the person who was the recipient of such information and shall assume full financial responsibility for the consequences of such disclosure.

13.     The Parties and Discovery Respondents may modify the provisions of this Protective Order at any time, by stipulation signed by the Parties and Discovery Respondents and approved by order of the Court.

14.     This Protective Order has been entered to facilitate discovery and the production of information in this action. A Party's or Discovery Respondent's decision to enter into this Confidential Protective Order or not to object to the designation of any document, thing, or information shall not constitute an agreement or admission that any document, thing or information: (a) will be produced; (b) is in fact Confidential; or (c) is admissible, authentic, competent or relevant. Neither the designation of any information, document, or thing, nor the failure to make such designation shall constitute evidence with respect to any issue in this action. Moreover, this Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

15.     Each Party or Discovery Respondent reserves all rights to injunctive relief and monetary damages with respect to any violation of this Protective Order.

7

16.     The terms of this Protective Order shall survive the termination of this action, and the Court shall retain jurisdiction after its final disposition of this action for the purpose of enforcing this Protective Order.

17.     The obligations of this Protective Order and the agreements embodied herein shall survive the termination of this action and continue in full force and effect.

18.     This Order does not purport to govern documents introduced at trial, inasmuch as any protection for such documents will be within the discretion of the trial judge.  Any Party who intends to use at trial any Confidential Material produced pursuant to this Order shall first notify the Party or Discovery Respondent who designated the document or information as Confidential Material, so that the designating Party or Discovery Respondent may have a reasonable opportunity to raise before the trial court any objection to its use or disclosure at trial.

IT IS SO ORDERED this 24th day of July, 2007.

Gary Lancaster,
United States District Judge

8

## EXHIBIT A

### DECLARATION

By my signature, I hereby acknowledge that I have read the Protective Order Regarding Discovery ("Protective Order") among the parties in the above-captioned action, that I understand the Protective Order, and that I hereby agree to be bound by the terms of the Protective Order and to submit to the jurisdiction of the United States District Court for the Western District of Pennsylvania for the enforcement of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

Signed: _____