```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA


ALYSON J. KIRLEIS,             )
       Plaintiff               )
                               )
                               )
     v.                        )    Civil Action No. 06-1495
                               )
                               )
                               )
DICKIE, McCAMEY & CHICOLTE,PC  )
       Defendant.              )
```

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                    October 12, 2007

This is an action in employment discrimination. Plaintiff, Alyson J. Kirleis, alleges that her current employer, defendant Dickie, McCamey & Chicolte, PC, discriminated and retaliated against her because of her sex, and subjected her to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq. Plaintiff also alleges that defendant paid her less than similarly situated males in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, et seq. Plaintiff seeks compensatory damages, punitive damages and injunctive relief.

Defendant has filed a motion to stay these proceedings [Doc. No. 67] pending appeal of this court's July 23, 2007 Memorandum

Order [Doc. No. 54] denying defendant's motion to dismiss, or in the alternative, to compel arbitration.[1] Defendant contends that the filing of an appeal pursuant to Section 16(a) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16, automatically divests this court of jurisdiction to proceed until such time as the appeal is fully litigated or determined to be frivolous. Plaintiff contends that the court is not divested of jurisdiction because the appeal is frivolous based upon this court's finding that no agreement to arbitrate existed between the parties.

For the reasons set forth below, defendant's motion is denied.

I. BACKGROUND

The parties are well-versed in the factual and procedural background of this case. The following is a brief summary of the relevant issues related to the instant motion.

On January 9, 2007, defendant filed a motion to dismiss for lack of subject matter jurisdiction, or in the alternative, to compel arbitration of plaintiff's claims [Doc. No. 13]. In a Memorandum Order [Doc. No. 54], the court denied defendant's motion on July 23, 2007. Because the merit of defendant's appeal of this ruling is directly at issue, the court will again explain

---

[1] Defendant appeals the Memorandum Order only with respect to the denial of the motion to compel arbitration.

its finding that plaintiff did not agree to arbitrate her claims.

In support of its motion to compel arbitration, defendant argued that when plaintiff became a shareholder of the firm, she agreed to arbitrate all claims against defendant pursuant to its By-Laws, which contained an arbitration provision. Defendant further argued that by exercising her rights as a shareholder, plaintiff accepted the terms of the By-Laws.

In opposing defendant's motion to compel arbitration, plaintiff argued that she never agreed to arbitrate any claims against defendant. In support of this argument, plaintiff submitted a sworn affidavit stating the following: (1) she was never provided with a copy of the By-Laws; (2) she was never informed of the presence of the arbitration provision in the By-Laws; and (3) she never signed any agreement or document referring to or incorporating the provisions of the By-Laws.

In response, defendant argued that plaintiff "must have known" that the firm had By-Laws and "should have asked" for a copy of them to review. Defendant also submitted several sworn affidavits in support of its arguments. However, none of defendant's affidavits stated that it ever provided plaintiff with a copy of the By-Laws, nor did defendant contend in the affidavits that it otherwise informed plaintiff of the arbitration provision in the By-Laws.

The court looked to Pennsylvania law to determine whether

the parties agreed to arbitrate and whether there was a "meeting of the minds." [Doc. No. 54 at p. 17]. Specifically, the court relied on a factually similar case, Quiles v. Financial Exchange Co., 879 A.2d 281 (Pa. Super. 2005).

After examining and weighing the evidence presented, the court found that defendant's arguments fell short of the standard required by Pennsylvania law. Indeed, defendant failed to offer any evidence to refute plaintiff's sworn testimony that she did not actually receive, sign, nor was she otherwise informed of the arbitration provision within the By-Laws. Thus, the court determined that the By-Laws were "undisputedly" not distributed to plaintiff. [Doc. No. 54 at p. 18]. Accordingly, the court found that plaintiff did not actually agree to arbitrate her claims and denied defendant's motion to compel arbitration.

On August 21, 2007, defendant filed a notice of appeal [Doc. No. 63] of this court's order denying the motion to compel arbitration.

II. DISCUSSION

In its motion to stay these proceedings pending appeal [Doc. No. 67], defendant contends that this court is "automatically" divested of jurisdiction because of the appeal filed pursuant to Section 16(a) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16. In its response [Doc. No. 69] and brief in opposition [Doc.

4

No. 70], plaintiff contends that the court is not divested of jurisdiction because the appeal is frivolous. For the reasons set forth below, the court agrees with plaintiff.

Where a court denies a motion to compel arbitration, Section 16(a)(1)(B) of the FAA confers appellate jurisdiction to review a denial of a petition that alleges a prima facie case under Section 4 of the FAA.[2] 9 U.S.C. 16; E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S., 269 F.3d 187, 194 (3d Cir. 2001); see also Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207 (3d Cir. 2007).

There is a split of authority among the courts of appeals on the question of whether an interlocutory appeal pursuant to Section 16(a) of the FAA automatically deprives the trial court of jurisdiction to proceed until such time as the appeal is fully litigated or determined to be frivolous or forfeited. Ehleiter,

---

[2] Section 4 of the FAA provides that if a party petitions to enforce an arbitration agreement, "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. However, "a court may only compel a party to arbitrate where that party has entered into a written agreement to arbitrate that covers the dispute." Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd., 181 F.3d 435, 444 (3d Cir.1999). ("Arbitration is strictly a matter of contract. If a party has not agreed to arbitrate, the courts have no authority to mandate that he do so.").

482 F.3d at 215, n.6 (citations omitted). However, the Court of Appeals for the Third Circuit recently articulated agreement with the "majority rule of automatic divestiture where the Section 16(a) appeal is neither frivolous nor forfeited." Id. at n. 6.[3] Thus, this court can only retain jurisdiction and proceed with the action if the appeal is frivolous or forfeited. For purposes of determining whether the court can retain jurisdiction here, the only consideration is whether defendant's appeal is frivolous.

A district court may be called upon to determine the merits of an appeal, even before the appellate court has adjudicated the merits. See Coppedge v. U.S., 369 U.S. 438 (1962) (discussing district court's authority under 28 U.S.C. § 1915(a) to deny leave to appeal in forma pauperis). In cases regarding arbitration, "[e]ither the court of appeals or the district court may declare that the appeal is frivolous." Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc., 128 F.3d 504, 506 (7th Cir. 1997); McCauley v. Halliburton Energy Servs., Inc.,

---

[3] According to the majority of courts of appeals, this standard strikes an appropriate balance between the following competing concerns: promoting efficient dispute resolution; avoiding inconsistent handling of a case; and preventing a party from disrupting a schedule or "stalling" by filing a frivolous appeal. See e.g., McCauley v. Halliburton Energy Servs., Inc., 413 F.3d 1158, 1162-63 (10th Cir.2005); Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1253 (11th Cir. 2004); Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc., 128 F.3d 504, 505 (7th Cir. 1997).

413 F.3d 1158, 1162-63 (10th Cir. 2005)(holding that a district court may frustrate an attempt to exploit the categorical divestiture rule by certifying the appeal as frivolous).

To determine whether defendant's appeal here is frivolous, we apply the standard the court of appeals would use to make such a determination. Under Fed.R.App.P. 38, the court of appeals may award damages if it determines that an appeal is frivolous. This inquiry is objective, focusing "on the merits of the appeal regardless of good or bad faith." Hilmon Co. (V.I.) Inc. v. Hyatt Int'l, 899 F.2d 250, 253 (3d Cir.1990). Further, an appeal is frivolous if, upon review of the record and the law, it lacks "colorable support." Nagle v. Alspach, 8 F.3d 141, 145 (3d Cir. 1993).

Here, the appeal of the order denying the motion to compel arbitration lacks colorable support and is without merit because defendant failed to set forth a prima facie case that a written arbitration agreement existed. As stated above, Section 16(a)(1)(B) only confers appellate jurisdiction to review a denial of a petition that alleges a prima facie case under Section 4 of the FAA. Section 4 applies only where the parties have entered a written arbitration agreement. Ehleiter, 482 F.3d at 212, n.4. Thus, to establish a prima facie case under Section 4, evidence must be presented that a written arbitration agreement exists.

7

In its motion to compel arbitration, defendant here failed to present any evidence to refute plaintiff's sworn affidavit testimony that she, in fact, did not receive the By-Laws or was not otherwise informed of the arbitration provision contained therein.  None of the affidavits defendant submitted addressed the fundamental issue of whether plaintiff actually agreed to arbitrate her claims.  Accordingly, the court ruled that the "By-Laws were undisputedly, not distributed to plaintiff." [Doc. No. 54 at p. 18].

Based on the undisputed evidence of record, the court found that there was no meeting of the minds and plaintiff did not agree to arbitrate.  Accordingly, the court had no authority to compel arbitration.  In the absence of any contrary evidence from defendant that there was a meeting of the minds regarding an agreement to arbitrate, defendant's appeal lacks colorable support and is without merit.

In sum, the appeal is frivolous because defendant failed to set forth a prima facie case that an agreement to arbitrate existed under Section 4 of the FAA.  Thus, the court is not automatically divested of jurisdiction to proceed.

III. CONCLUSION

For the reasons set forth above, defendant's motion to stay, [Doc. No. 67], is DENIED.

BY THE COURT:

/s/ signature

cc: All Counsel of Record