**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALYSON J. KIRLEIS, | ) | |
| | ) | Civil Action No. 06-1495 |
| Plaintiff, | ) | Civil Action No. 06-1666 |
| | ) | |
| vs. | ) | JUDGE ARTHUR J. SCHWAB |
| | ) | |
| DICKIE, MCCAMEY & CHILCOTE, P.C., | ) | ELECTRONICALLY FILED |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR ORDER DESIGNATING DEPOSITION
TRANSCRIPTS AND EXHIBITS AS "CONFIDENTIAL" PURSUANT TO JULY 24,
2007 PROTECTIVE ORDER [DOCUMENT NO. 55]**

Defendant Dickie, McCamey & Chilcote, P.C. ("Defendant"), by and through its

undersigned counsel in the above-captioned matter, hereby moves this Court to enter an Order

designating the deposition transcripts of Jeffrey Wiley, Joseph Christof, Marcelle Theis, Steven

Zoffer, and Plaintiff, Alyson Kirleis, and all exhibits thereto, as "Confidential" pursuant to the

Protective Order entered by this Court on July 24, 2007 [Document No. 55].  In support of this

Motion, Defendant states as follows:

1.       Due to the nature of this action, Defendant has produced voluminous

confidential business and personal information to Plaintiff and her counsel.  Because Defendant

has a legitimate interest in protecting its confidential business and personal information from

dissemination beyond the needs of Plaintiff to pursue this action, on July 24, 2007, this Court

entered a Protective Order [Document No. 55] permitting the Parties to designate as

"Confidential" certain documents, testimony, and other discovery material, including, but not

limited to, material relating to:

        a.       salaries, bonuses and other remuneration paid to attorneys by Dickie,
            McCamey;

b.      hourly rates billed to clients by Dickie, McCamey;

c.      actual amounts billed to clients by Dickie, McCamey;

d.      business origination credit;

e.      marketing data and business strategies;

f.      basic personal information such as social security numbers and personal health matters; and

g.      business information including, but not limited to, by-laws, minutes of shareholder/directors meetings, clients, attorney hours, disciplinary records, job qualifications, and evaluation records, and confidential business and personal information, etc., and shall also refer to information contained in such materials.

(July 24, 2007 Protective Order at ¶ 1.  A true and correct copy of the Court's July 24, 2007 Protective Order is attached hereto as **Exhibit A**.)

2.      The July 24, 2007 Protective Order provides that deposition testimony may be designated by a party as "Confidential" within ten (10) calendar days after counsel receives the transcript of such deposition, and that testimony and transcripts shall be deemed "Confidential" during the ten (10) day review period.  (Exhibit A at ¶ 2(b).)

3.      On Wednesday July 1, 2009, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff took the deposition of Jeffrey Wiley, Defendant's Managing Director.

4.      Mr. Wiley testified at length regarding thirty-eight (38) of the fifty-two (52) topics enumerated in Plaintiff's June 19, 2009 Rule 30(b)(6) Notice of Deposition, including, but not limited to, topics relating to Defendant's management, compensation structure, distribution of profits, losses, and revenues, various policies promulgated by Defendant's Board of Directors, and peer review processes.  (In accordance with the Court's instructions at the June 11, 2009 case management conference, by letter dated June 23, 2009, Defendant designated six individuals to offer testimony regarding the topics enumerated in Plaintiff's Rule 30(b)(6)

deposition notice.  A true and correct copy of Defendant's June 23, 2009 correspondence is attached hereto as **Exhibit B**.)

5.      On Thursday, July 2, 2009, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff took the deposition of Class A Shareholder Joseph Christof.

6.      Mr. Christof testified concerning various policies promulgated by Defendant's Board of Directors, as well as Defendant's peer review processes.  (See Exhibit B.)

7.      On Thursday, July 2, 2009, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff also took the deposition of Class A Shareholder Marcelle Theis.

8.      Ms. Theis testified regarding Defendant's relationship with its largest client, as well as various policies promulgated by Defendant's Board of Directors.  (See Exhibit B.)

9.      On Friday, July 3, 2009, On Thursday, July 2, 2009, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff took the deposition of Steven Zoffer, Defendant's Secretary-Treasurer.

10.     Mr. Zoffer testified regarding Defendant's compensation structure, distribution of profits, losses, and revenues, bonus system, and the role of origination.  (See Exhibit B.)

11.     Included as exhibits to the above-referenced deposition transcripts are various detailed financial reports, Shareholder compensation notices, Defendant's Answers to Plaintiff's First Set of Interrogatories, Shareholder bonus worksheets, various separation agreements between Defendant and departed Shareholders, Defendant's By-Laws, various management policies promulgated by Defendant's Board of Directors, internal and external memoranda relating to Defendant's largest client, and detailed financial information relating to Defendant's July 2003 merger with a Harrisburg law firm.

12.     On Wednesday, July 8, 2009, Defendant took the deposition of Plaintiff, Alyson Kirleis.

13.     Plaintiff's testimony, amounting to over four hundred (400) transcribed pages, encompassed most, if not all, of the topics specifically enumerated as "Confidential" in ¶ 1 of the July 24, 2007 Protective Order, including salaries, bonuses and other remuneration paid by Defendant, hourly rates billed to clients by Defendant, business origination credit, marketing data and business strategies, basic personal information such as personal health matters, and business information, including Defendant's By-Laws, minutes of Shareholder/Directors meetings, clients, attorney hours, disciplinary records, job qualifications, and evaluation records.

14.     Included as an exhibit to Plaintiff's deposition transcript is Defendant's "Schedule A," the entire compensation schedule for *all* Shareholders from 2001 through 2008. Significantly, Schedule A was marked as "Confidential" and produced to Plaintiff as an act of good faith to facilitate resolution at the June 29, 2009 mediation session.

15.     Also included as exhibits to Plaintiff's deposition transcript are various detailed financial reports, Shareholder compensation notices, Defendant's By-Laws, Defendant's Board of Directors meeting minutes, various management policies promulgated by Defendant's Board of Directors, internal and external memoranda relating to Defendant's largest client, confidential peer review information, and detailing billing reports.

16.     In accordance with the July 24, 2007 Protective Order, by letter dated July 10, 2009, Defendant's counsel notified Plaintiff's counsel that each of the above-referenced depositions, including all exhibits thereto, were being designated as "Confidential."  (A true and correct copy of Defendant's July 10, 2009 correspondence is attached hereto as **Exhibit C**.)

17.     One week later, by letter dated July 17, 2009, Plaintiff's counsel challenged Defendant's confidentiality designation, erroneously claiming that only those portions of the deposition transcripts and corresponding exhibits utilized in Defendant's Motion for Summary Judgment should be designated as "Confidential."  (A true and correct copy of Plaintiff's July 17, 2009 correspondence is attached hereto as **Exhibit D**.)

18.     Each of the above-referenced deposition transcripts, along with the accompanying exhibits, is replete with highly sensitive and confidential information relating to Defendant's business which clearly falls well within the scope of the Protective Order entered in this action on July 24, 2009.

19.     Designation of the above-referenced deposition transcripts and exhibits as "Confidential" will neither place an undue burden on Plaintiff nor prejudice Plaintiff in any way.

20.     The requested confidentiality designation will protect the privacy interests of both of the Parties and is fully consistent with the Protective Order entered in this action on July 24, 2009.

WHEREFORE, for all the above-stated reasons, Defendant Dickie, McCamey & Chilcote, P.C. respectfully requests that this Court enter an Order designating the deposition transcripts of Jeffrey Wiley, Joseph Christof, Marcelle Theis, Steven Zoffer, and Plaintiff, Alyson Kirleis, and all exhibits thereto, as "Confidential" pursuant to the Protective Order entered by this Court on July 24, 2007 [Document No. 55].  A proposed order is attached hereto.

Dated:  July 20, 2009                                  Respectfully submitted,

                                                                JACKSON LEWIS LLP


                                                                /s/ Sunshine R. Fellows

Martin J. Saunders
PA ID #19940
saunderm@jacksonlewis.com
Sunshine R. Fellows
PA ID #87632
fellows@jacksonlewis.com
One PPG Place, 28th Floor
Pittsburgh, PA  15222-5414
Telephone:  (412) 232-0404
Facsimile:  (412) 232-3441

*Counsel for Defendant*
*Dickie,   McCamey   &   Chilcote,   P.C.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2009, the foregoing *DEFENDANT'S MOTION FOR ORDER DESIGNATING DEPOSITION TRANSCRIPTS AND EXHIBITS AS "CONFIDENTIAL" PURSUANT TO JULY 24, 2007 PROTECTIVE ORDER [DOCUMENT NO. 55]* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel specified below, and additionally have sent a copy of the forgoing via U.S. Mail, postage prepaid, to:

Edward B. Friedman, Esquire
Gloria A. Aiello, Esquire
FRIEDMAN & FRIEDMAN
900 Fifth Avenue, 2nd Floor
Pittsburgh, PA  15219

*/s/ Sunshine R. Fellows*
Sunshine R. Fellows

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALYSON J. KIRLEIS, | ) | |
| | ) | Civil Action No. 06-1495 |
| Plaintiff, | ) | Civil Action No. 06-1666 |
| | ) | |
| vs. | ) | JUDGE ARTHUR J. SCHWAB |
| | ) | |
| DICKIE, MCCAMEY & CHILCOTE, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

**LOCAL RULE 37.1 CERTIFICATE OF CONSULTATION**

NOW COMES Defendant, by and through its undersigned counsel, and hereby file the within *Certificate of Consultation*, stating that on July 20, 2009, Defendant's counsel conferred via telephone with Plaintiff's counsel in an attempt to resolve the within issues but the parties were unable to reach a resolution.

/s/ Sunshine R. Fellows
Sunshine R. Fellows

Dated: July 20, 2009